## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 23 2019, 7:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Emily D. Kopp
Certified Legal Intern

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Chad Eric Pindell, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | August 23, 2019 <br><br> Court of Appeals Case No. <br> 19A-CR-546 <br><br> Appeal from the Ripley Circuit Court <br><br> The Honorable Jon N. Cleary, Special Judge <br><br> Trial Court Cause No. <br> 69C01-1803-F5-17 |

**Pyle, Judge.**

## Statement of the Case

Chad Pindell ("Pindell") appeals the three-year sentence imposed after he pled guilty to Level 5 felony child seduction.[1]  Pindell argues that his sentence is inappropriate in light of his character and the nature of his offense.  Concluding that his sentence is not inappropriate, we affirm the trial court's sentencing order.

We affirm.

## Issue

> Whether Pindell's sentence is inappropriate in light of the nature of his offense and his character.

## Facts

In March 2018, the State charged thirty-five-year-old Pindell, an assistant high school basketball coach, with Level 5 felony child seduction for engaging in oral sex in the coach's office with seventeen-year-old M.C. ("M.C."), a high school basketball player.  The State also charged Pindell with Level 6 felony providing obscene matter and performances for sending a photograph of his penis and his ejaculate to M.C.

In January 2019, the State and Pindell reached a plea agreement wherein Pindell agreed to plead guilty to the Level 5 felony for a fixed sentence of thirty-

---

[1] IND. CODE § 35-42-4-7.

six months, with twenty-seven months suspended to probation. After hearing the specifics of the plea agreement, the trial court responded as follows:

> In all honesty, the, just, to be as candid as I can, uh, with, with counsel, the position of trust, uh, not only was he a teacher, he was a coach, he is presenting himself as a man of God and this occurs and so, to accept a Plea Agreement, thirty-six (36) months with twenty-seven (27) months suspended, the Court's not inclined to do unless the parties can present some evidence as to why this, uh compromise has been reached.

(Tr. Vol. 2 at 5).

[5] Following the presentation of this evidence, the trial court explained as follows when it rejected the agreement:

> What message do you send to your community that a coach can engage in oral sex – and not only is it the oral sex, the Probable Cause Affidavit shows the grooming that occurred before this . . . the sending pictures of his penis after he ejaculated[.] Like, this was not a moment of weakness or a one thing quickly happened, this was an episode that occurred for a longer period of time. And so, the primary concern of this Court is what message are you sending to this community that if you have some form of sex with a player in a coach's office, you do a couple months in the county jail and go on probation? And so, for those reasons, the Court does reject the Plea Agreement.

(Tr. Vol. 2 at 10). Pindell subsequently agreed to plead guilty to the Level 5 felony and to leave sentencing to the trial court's discretion.

[6] Testimony at the sentencing hearing revealed that during the winter of 2017, M.C. was a high-school senior that played on her school's basketball team.

Pindell, who had been married for fifteen years and who had three children, had served as an assistant basketball coach at the high school for ten years. He had also served as a teacher in the school system until July 2017 when he had become a pastor at his church. In addition, Pindell was a county councilman.

[7] In December 2017, Pindell began contacting M.C. via text and Snapchat, a social media application that allows for the exchange of texts, photographs, and video messages. During a twenty-eight-day period in January and February 2018, Pindell and M.C. exchanged 4,858 Snapchat photographs and messages.

[8] In late January or early February 2018, Pindell asked M.C. to meet him in the coach's office in the locker room after basketball practice. When M.C. entered the office, Pindell exposed his erect penis to her. M.C. knelt down and performed oral sex on Pindell while he held her head and face with his hands.

[9] A few days after the sexual encounter, Pindell sent M.C. a photograph of his penis and another photograph of him holding his penis with his hand. The second photograph also revealed ejaculate on the bathroom counter.

[10] The testimony further revealed that M.C. had been a good student and athlete in high school. After Pindell was charged with the two offenses, the small community had ostracized M.C. and blamed her for Pindell's plight.

[11] After hearing this evidence, and pointing out that Pindell had violated his position of trust "in the home of that trust," the trial court sentenced Pindell to

an executed three (3) year advisory sentence for a Level 5 felony. (Tr. Vol. 2 at 128). Pindell now appeals.

# Decision

[12] Pindell's sole argument is that his three-year sentence is inappropriate. Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. The defendant bears the burden of persuading this Court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Whether we regard a sentence as inappropriate turns on the "culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).

[13] When determining whether a sentence is inappropriate, the advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Childress*, 848 N.E.2d at 1081. The sentencing range for a Level 5 felony is one to six years. IND. CODE § 35-50-2-6. The advisory sentence is three years. *Id*. Here, the trial court sentenced Pindell to three years, which is the advisory sentence.

[14] Regarding the nature of the offense, Pindell, a thirty-five-year-old high school basketball coach, began a relationship with M.C., a seventeen-year-old high school basketball player on his team, by contacting her via text and Snapchat.

Pindell and M.C. exchanged almost 5,000 messages and pictures during a twenty-eight-day period. Thereafter, Pindell invited M.C. to his office after practice and exposed his erect penis to her. M.C. then performed oral sex on Pindell. Pindell sent M.C. a photograph of his penis and another photograph of him holding his penis with his hand. The second photograph also revealed ejaculate on the bathroom counter.

[15]    Turning to Pindell's character, we note that Pindell, a former teacher and a coach, pastor, and county councilman, violated his position of trust by engaging in oral sex in, as the trial court pointed out, "the home of that trust," his office in the high school locker room. (Tr. Vol. 2 at 128). Pindell has failed to meet his burden to persuade this Court that his three-year sentence for his Level 5 felony child seduction conviction is inappropriate. In fact, the evidence here would have supported the imposition of an executed sentence above the advisory sentence.

[16]    Affirmed.

Robb, J., and Mathias, J., concur.